STATE OF MISSOURI *ex rel.* THIRD NATIONAL BANK. OF MISSOURI, Petitioner, *v.* WILLIAM BISHOP, Respondent.

1. *Mandamus — Payment by State Treasurer — Authority.* — Mandamus will not lie to compel the State treasurer to pay over the principal and interest of State bonds, without a special act of the legislature authorizing and commanding him to pay. Without such special act, he has no power to pay any money, except upon the warrant of the auditor drawn upon some appropriated fund.

*B. A. Hill*, for petitioner.

I. The fourteenth section of the bank act of March 18, 1861, gives the revenue bonds issued by authority of said act the priority over all other bonds of the State, and requires them to be paid out of any moneys remaining unappropriated in the treasury. The revenues of the State are pledged for the payment of the principal and interest on these bonds. It is not a part of the revenues, but all the revenues — the revenue of the State at large.

*Wise*, for respondent.

The treasurer has no power to pay out money, except upon warrants drawn upon him by the auditor. (Gen. Stat. 1865, § 30, p. 89, § 39, p. 90.)

I. The above is a general statute, and binding, unless a specific mandatory statute is passed by the General Assembly, and then the auditor must draw his warrant to authorize the treasurer, unless the act clearly dispenses with such necessity.

II. Act of 1861, p. 13, § 14, is very far from being sufficient authority even to the auditor to draw his warrant on the treasurer, much less to the treasurer to pay on demand.

WAGNER, Judge, delivered the opinion of the court.

The relator states in his petition for a mandamus that certain revenue bonds were issued under an act of the General Assembly of the State of Missouri, approved March 18, 1861, and that the revenues of the State were pledged by the act for the payment of the principal and interest thereon ; that a part of these bonds

State of Mo. ex rel. Third National B'k of Mo. v. Bishop.

are the property of the relator; that they are due, and that payment has been demanded of the State treasurer and refused; that $650,000 of money not specially appropriated for any purpose is now in the State treasury, and that the refusal of the treasurer to pay is a violation of the law.

The treasurer, for return to the alternative writ, says that at the time of the said demand and at the present time there is no money in his hands, as treasurer, with which he can legally pay the said demand, or any part thereof; he further states that there never has been any appropriation by act of the legislature authorizing him to pay said bonds or any part of them; he denies that there is in the treasury, or subject to his control or order, after paying the sums appropriated for carrying on the State government and liabilities having priority over said bonds, any money whatever which he can legally apply to the payment of the bonds or any part of them, and he therefore denies that his refusal to pay was in violation of law. To this return there was a demurrer.

The act of March 18, 1861, authorized the Governor to issue revenue bonds, payable in three and five years, bearing interest at the rate of nine per cent. per annum, with coupons attached, for certain moneys advanced by the banks to the State; and the act provided that for "the payment of the principal and interest on said bonds the revenues of the State are hereby pledged."

It is not alleged that there has been any appropriation by the legislature designating or setting apart any fund for the payment of the bonds and interest. The statement of the treasurer, that there are no funds in the treasury other than what is specifically appropriated, which statement is admitted by the demurrer to be true, is of itself sufficient to preclude the issuing of the mandamus. But were there sufficient funds, the treasurer would not be authorized to pay simply because the legislature had pledged the revenue of the State for that purpose. It would require a special act authorizing and commanding him to pay. Under the law organizing the treasury department, the treasurer is required to keep a just and true account of each head of appropriation made by law, and the disbursements made under

the same, and to disburse the public moneys upon warrants drawn upon the treasury according to law, and not otherwise. Without some special act thereto authorizing the treasurer, he has no power to pay any money, except upon the warrant of the auditor drawn upon some appropriated fund.

That the money was advanced or loaned upon a pledge that the revenues of the State should stand security for its payment may furnish a strong reason why the legislature should make an appropriation and provide for its liquidation, but it will not empower or justify the treasurer in paying it without authority of law.

Mandamus refused. The other judges concur.